United States District Court
Southern District of Texas
**ENTERED**
July 28, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LEE E. PRICE, III, | § | |
| (BOP # 04128-509) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-2156 |
| | § | |
| GEO REENTRY SERVICES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL OF
### LEIDEL RESIDENTIAL REENTRY CENTER

Lee E. Price, III, filed this action when he was an inmate at the Leidel Residential Reentry Center. His complaint sought both injunctive relief and money damages from the Bureau of Prisons; the Department of Justice; GEO Reentry Services, Inc.; the Leidel Residential Reentry Center; Center Director Danielle Lias; Center Assistant Director Stevenson;[1] Security Monitor Nichelle Watson-Bonner; Security Monitor Ms. Robinson; Security Monitor Dave Ferrell; and Case Manager Shanara Walston. (Docket Entry No. 1). His complaint alleges that each of the defendants violated his constitutional and state-law rights by denying him medical care while he was at the Center. (*Id.*). The Center answered Price's complaint. (Docket Entry No. 75). Price has filed both a motion to strike the Center's defenses and a response to the answer. (Docket Entry Nos. 78, 79).

Because Price is proceeding without paying the filing fee, the court is required to screen his complaint and dismiss any claims that are frivolous or malicious, that fail to state a claim on

---

[1] Service of process was not obtained on Ms. Stevenson. (Docket Entry No. 14). Center Director Lias told the United States Marshal attempting service that no one by the name of Ms. Stevenson worked at the Center. (*Id.*).

which relief may be granted, or that seek relief from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the pleadings, the record, and the law, the court dismisses Price's action against the Center. The reasons for this ruling are explained below.

## I.    Background

While Price was incarcerated in a Bureau of Prisons detention center, physicians prescribed albuterol and a breathing machine to treat his severe asthma. (Docket Entry No. 1, p. 3). In February 2025, the Bureau of Prisons transferred Price to the Center, which is owned and operated by GEO Reentry Services, to complete his prison sentence. (*Id.* at 1). Price brought his prescribed albuterol and breathing machine with him. (*Id.* at 3).

Price alleges that when he arrived at the Center on February 26, 2025, staff members confiscated his breathing machine and albuterol and stored them in a locked area. (*Id.* at 3). After that, Price did not have immediate access to either the albuterol or the breathing machine when he needed them to control his asthma. (*Id.*).

On April 12, 2025, Price alleges that he suffered a severe asthma attack. (*Id.*). When he asked for his albuterol and breathing machine, Center employee Watson-Bonner refused to provide them unless Price first took a breathalyzer test. (*Id.*). When Price explained that he could not breathe, another staff member told him that his breathing machine could not be located. (*Id.*). Price was then taken to the emergency room, where he was treated for his asthma. (*Id.*). On April 13, 2025, Price was issued a disciplinary infraction for refusing to take the breathalyzer test. (*Id.*). On April 15, 2025, Price filed a grievance based on his lack of access to the supposedly missing or lost breathing machine. (*Id.*).

Price alleges that on April 17, 2025, he suffered another severe asthma attack and was again taken to the emergency room because Center staff refused to provide him with either the

albuterol or the breathing machine. (*Id.* at 4). Price alleges that he was discharged from the hospital with a prescription for new medications and returned to the Center, but Watson-Bonner confiscated the discharge paperwork and prescriptions and failed to process them. (*Id.*).

On April 21, 2025, Price suffered a third severe asthma attack. He was again taken to the hospital by emergency transport after he was denied access to his medication and breathing machine. (*Id.*). When Price returned to the Center, employee Robinson told him that she had thrown his breathing machine away "by accident." (*Id.*). Price alleges that Center Director Lias and Case Manager Walston knew of these events but took no steps to replace the breathing machine, to ensure that he had access to his medications, or to otherwise try to resolve the situation. (*Id.*).

On April 24, 2025, Price filed this action. (*Id.*); *see also Price v. GEO Reentry Services, Inc., et al.*, No. 4:25-mc-0749 (S.D. Tex.). He asserted an Eighth Amendment violation under 42 U.S.C. § 1983, a First Amendment violation under § 1983, a Fifth Amendment due process violation under § 1983, and negligence and gross negligence claims under Texas Civil Practices and Remedies Code § 74.001 *et seq.* (Docket Entry No. 1, pp. 4-5). He sought an injunction ordering the replacement of his breathing machine as well as compensatory damages, punitive damages, and attorney's fees. (*Id.* at 6). Price also filed a separate emergency motion for an injunction to obtain immediate medical care. (Docket Entry No. 2).

The court appointed counsel to represent Price on his emergency motion. (Docket Entry Nos. 5, 8). After a number of hearings, the court granted Price's emergency motion and allowed him to complete his supervised release term on home detention.[2] (Docket Entry No. 64). Having obtained significant relief for his client, appointed counsel withdrew with the court's leave.

---

[2]While the proceedings on the emergency motion were ongoing, Price was hospitalized for severe asthma attacks no fewer than three additional times. (Docket Entry No. 6).

(Docket Entry No. 74). All the defendants except the Center filed motions to dismiss Price's claims against them for money damages. (Docket Entry Nos. 66, 71). The court granted those motions and dismissed the action as to those defendants. (Docket Entry Nos. 80, 81). Only Price's federal and state law claims for money damages against the Center remain.

On July 21, 2025, the Center answered Price's complaint. (Docket Entry No. 75). The Center denied Price's factual allegations and raised numerous defenses, including insufficient process, insufficient service of process, and failure to state a claim upon which relief could be granted. (*Id.* at 2-3). Price filed a response, denying the affirmative defenses. (Docket Entry No. 79). He also filed a motion to strike the Center's defenses of insufficient process and insufficient service of process. (Docket Entry No. 78).

## II.    The Legal Standards

### A.    Review Under 28 U.S.C. § 1915

Because Price is proceeding without paying the filing fee, the court must examine the legal and factual basis of his complaint and dismiss the action at any time if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" for purposes of § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in

4

fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

During this screening process, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the court may dismiss a complaint, even before service of process and without a motion from the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *see also Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc) (the court may dismiss a complaint under § 1915(e) without waiting for a responsive pleading).

### B.    Pleadings from Self-Represented Litigants

Price is now representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd*., 767 F.3d 475, 484 (5th Cir. 2014). In addition, they must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders,

present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up). While self-represented litigants are held to less stringent standards than attorneys, they are not excused from the requirement of alleging sufficient facts to state a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (a self-represented litigant "still must argue something that is susceptible to liberal construction").

## III.    Discussion

### A.    The Claims Against the Center

Price asserts claims against the Center under both § 1983 and state law.[3]   In addition to considering these claims, the court will consider whether Price's complaint, liberally construed, could state a claim for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

### 1.    The Claims Under § 1983

Price's complaint asserts that he is suing the Center under § 1983.  "Section 1983 does not create any substantive rights but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a valid claim under § 1983, a plaintiff must allege facts that could prove (1) a violation of rights secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under

---

[3]The court questions whether the Center, as a facility owned and operated by GEO Reentry Services, LLC, is a separate legal entity with the capacity to sue and be sued.  For purposes of screening under § 1915(e)(2)(B), the court will assume, without deciding, that the Center has the required legal capacity.

[§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam).  The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights.  *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).  The only exception arises if the private party is acting as an instrumentality of the state.  *See Evans v. Newton*, 382 U.S. 296, 299 (1966); *West*, 487 U.S. at 54-57.

The Center is a residential facility owned and operated by GEO Reentry Services, LLC, which is a private entity.  Price's complaint alleges that the Center was operating on behalf of the United States Bureau of Prisons, which is a federal agency rather than a Texas state agency.  No allegations show that the Center or any of its employees were acting under color of *state* law when Price was detained there.  Because neither the Center nor its employees were acting under color of *state* law in their dealings with Price, they are not subject to liability under § 1983.

Price's § 1983 claims against the Center are dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.  This dismissal is with prejudice because leave to amend would be futile.

## 2.    The Claims Under *Bivens*

Because Price is representing himself, his complaint must be liberally construed, and the court must consider the substance of the relief he seeks rather than the labels he has attached to it.  *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam).  Based on the nature of the relief Price seeks, the court must consider whether his complaint states a claim against the Center under *Bivens*.

A *Bivens* action is considered the "federal analog to suits brought against state officials under 42 U.S.C. § 1983."  *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250,

254 n.2 (2006)) (cleaned up). *Bivens* creates "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see also Carlson v. Green*, 446 U.S. 14, 18 (1980) (*Bivens* "established that the victims of a constitutional violation by a federal agent have the right to recover damages against the official in federal court despite the absence of any statute conferring such a right").

But a *Bivens* action is not available to seek relief against a private entity, such as the Center. *See Malesko*, 534 U.S. at 66. This limit applies even when the private entity has contracted with the federal government to provide services at a private prison or a related facility. *Id.* In addition, *Bivens* does not permit an action against a federal agency; a *Bivens* action is proper only against the individual federal officers who committed the allegedly unconstitutional acts. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

The Center is owned and operated by GEO Reentry Services, LLC, a private entity. Such private entities, even ones that have contracted with the federal government, are not subject to suit under *Bivens*. Price's claims against the Center, if considered as seeking relief under *Bivens*, must be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. This dismissal is with prejudice because leave to amend would be futile.

### 3.    The Claims Under State Law

In addition to his claims under federal law, Price asserts state-law claims against the Center for both negligence and gross negligence. "As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial." *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007) (per curiam); *see also* 28 U.S.C. § 1367(c)(3). When the court declines to exercise its supplemental jurisdiction

over state-law claims, those claims should be dismissed without prejudice. *See Brim*, 213 F. App'x at 306.

Because the court is dismissing all of Price's federal-law claims against the Center, the court dismisses his state-law claims against the Center under § 1367(c)(3). This dismissal is without prejudice to Price bringing these claims in an action filed in state court.

### B.    Price's Motion to Strike

In his motion to strike, Price asserts that the Center's defenses of insufficient process and insufficient service of process should be stricken because the record contains facially sufficient returns of service on the Center.

The Center's defense of insufficient process is based on the assertion that the summons and complaint did not properly name the party on whom they were served. *See Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam). The defense of insufficient service of process is based on the assertion that the wrong party was served with an otherwise proper summons and complaint. *Id.* Filing an answer without objecting to the service of process waives those defenses. *See City of Clarksdale v. Bellsouth Telecomm., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005).

The Center properly raised the defenses of insufficient process and insufficiency of service of process in its answer. While there may be factual disputes about the merits of these defenses, there is no legal basis to strike them. Price's motion to strike these defenses from the Center's answer is denied.

### IV.    Conclusion.

Price's claims against the Leidel Residential Reentry Center, (Docket Entry No. 1), are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is with prejudice as to Price's

federal-law claims and without prejudice as to Price's state-law claims. The pending motions, including Price's motion to strike the Center's defenses, (Docket Entry No. 78), are denied as moot. An order of dismissal will be separately entered.

SIGNED on July 28, 2025, at Houston, Texas.

_____

Lee H. Rosenthal
Senior United States District Judge